IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORI McJUNKINS, a/k/a**<br>**CORI CAPRI,** | CIVIL NO. 1:CV-07-0428 |
| Plaintiff | JUDGE SYLVIA H. RAMBO |
| v. | |
| **SUSQUEHANNA TOWNSHIP,**<br>**ERIC NELSON, individually**<br>**and in his official capacity as**<br>**police officer for Susquehanna**<br>**Township, and RYAN REITHEIMER,**<br>**individually and in his official**<br>**capacity as police officer for**<br>**Susquehanna Township,** | |
| Defendants | |

# M E M O R A N D U M

## I. Background

On March 6, 2007, Plaintiff, Cory Capri, a/k/a Cory McJunkins, a/k/a Cory McJenkins, filed a civil rights complaint against Defendants Susquehanna Township and two township police officers, Eric Nelson and Ryan Reitheimer. At the time the complaint was filed, he was represented by counsel. On November 19, 2007, Plaintiff's counsel was granted leave to withdraw.

An amended complaint was filed by new counsel for Plaintiff on January 29, 2008. On May 21, 2008, the law firm of Boyle, Neblett and Wenger was granted leave to withdraw as counsel. Plaintiff has been proceeding *pro se* since that date.

On July 21, 2008, Defendants filed a motion for summary judgment, a statement of material facts and a supporting brief. Plaintiff's responsive brief was due on August 8, 2008. When no responsive pleading was filed, the court issued an order granting Plaintiff until August 27, 2008 to file a responsive brief and advising Plaintiff that failure to file a responsive brief would result in Defendants' motion for

summary judgment being deemed unopposed. Again, no responsive brief was filed by Plaintiff. Thus, the court will address the motion as unopposed and the statement of material facts as undisputed.

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Jurisdiction and venue are properly in this court. Counts I and II of the amended complaint allege that Defendants Nelson and Reitheimer committed an unlawful search, seizure, and arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Count II of the amended complaint alleges the same violations against Defendant Susquehanna Township. Counts IV, V, and VI allege the use of excessive force in violation of the Fourteenth Amendment.

## II. Facts[1]

On March 7, 2005, at approximately 12:30 a.m., Officer Nelson was on patrol on Linglestown Road in Susquehanna Township, Dauphin County, Pennsylvania. He observed a car enter the property of Vartan Supply Company, a business that was not open at that hour of the day. Because that area had experienced recent break-ins and vandalism incidents, Officer Nelson became concerned as to why the vehicle entered the property. Officer Nelson passed the property two more times but the vehicle could not be seen. Nelson entered the Vartan parking area and went to the rear of the property where he found a person, later identified as Plaintiff.

After persistent inquiry by Officer Nelson, Plaintiff showed where he had parked his car. The car was parked behind other vehicles on the lot, essentially hidden from view. Officer Nelson advised Plaintiff that he was trespassing and

---

[1]The facts are taken from Defendants' Statement of Material Facts which are not in dispute.

asked Plaintiff why he was on the property. At this time Officer Reitheimer appeared on the scene.

Plaintiff's response as to why he was on the property was that he was having girl problems and he wanted to hide his car so that his girlfriend would not see his car parked near another girlfriend's house in the vicinity. Plaintiff was vague about where his girlfriend lived.

All during the questioning, Plaintiff kept one hand concealed in his jacket pocket. While Officer Nelson was continuing his questioning and writing down information, Plaintiff was about two to three feet away from him but began to move closer. Officer Nelson stepped away, Plaintiff moved closer. Officer Nelson became uncomfortable with Plaintiff approaching as he kept one hand in his pocket. Officer Nelson told Plaintiff he was too close. Plaintiff became angry and claimed he was being harassed.

Officer Nelson became concerned about his safety and told Plaintiff he was going to pat him down. Plaintiff lifted his shirt with one hand, keeping the other in his pocket, to show he had no weapon in his waistband. Continued attempts at a pat-down were unsuccessful. Commands to put his hands behind his back were unheeded. All the time, Plaintiff kept his hand in his pocket, causing the officers' concern that there was a weapon in the pocket.

Eventually the two officers and Plaintiff fell to the ground. At one point, Officer Reitheimer believed he felt a gun in the pocket. Additional officers arrived at the scene. O.C. spray was used and other efforts were made to extricate the hand but none were successful. Eventually the hand was extricated. No weapon was found but drugs, cell phones, a pager and cash were found.

## III. Discussion

### A. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. " 'Such affirmative evidence—regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the

evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)). The court will evaluate Defendants' motion for summary judgment on these bases.

### B. Unlawful Seizure and False Arrest Claims

To answer the inquiry of whether Officer Nelson had probable cause to stop and question Plaintiff in the lot behind the Vartan business, the court must determine whether Officer Nelson possessed a reasonable, articulable suspicion to believe that the person has committed, is committing or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968). "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Ubiles*, 224 F.3d 213 (3d Cir. 2000) (citing *Illinois v. Wardlow*, 528 U.S. 119 (2000)). When evaluating the validity of an investigatory detention, the court must objectively examine the totality of the circumstances and must give due weight to an officer's experience and training. *Terry*, 392 U.S. at 27.

1. Unlawful Seizure Claim

The circumstances presented to Officer Nelson on March 7, 2005, are as follows. The time of the patrol was about 12:30 a.m. Officer Nelson observed a car turn into a parking lot of a business that was closed in area subject to recent break-ins and vandalism. After the officer made two passes of the business, the car disappeared. Upon entering the parking lot, the officer went behind the building and noticed an individual walking behind the building talking on a cell phone. The individual was about to enter an adjoining field. He had a cell phone and papers in one hand. One hand was in his left pocket. When asked questions, the individual's responses were vague. The car in question was found to be parked in such a manner as to be hidden. When asked why he was there, the individual gave vague answers

5

or no answers at all. The individual refused to obey the officer's direction to remain at a comfortable distance. At this point in time, the incident only amounted to an encounter, not a seizure. *Heiber v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 185-86 (2004).

### 2. False Arrest Claims

The circumstances presented to the officers on March 7, 2005, are as follows. A second officer arrived at the scene. Eventually Officer Nelson asked for an ID, which the individual handed over. Officer Nelson then began to write the individual a ticket for trespassing. During this time the individual kept his one hand in his pocket and moved closer to the two officers. The individual was warned to maintain his distance, but did not—all the time keeping his hand in his pocket. Because of this conduct, Officer Nelson advised the individual that he was going to pat him down for officer safety. The individual became resistant to the pat down and eventually both officers and the individual fell to the ground. All the while the individual kept his hand in his pocket and refused to cooperate with the pat down. Eventually, after the arrival of additional officers, the individual's hand was pried out of his pocket. In light of the conduct of Plaintiff described above, the officers had reasonable cause to conduct a protective search.

### C. Excessive Force Claims

Defendants rely upon *Graham v. Conner*, 490 U.S. 386 (1989), in undermining the excessive force claim. The United State Supreme Court has instructed that claims of excessive force must be analyzed using the Fourth Amendment's "objective reasonableness standard." *Id*. at 395. In evaluating the reasonableness of an officer's use of force, a court should examine the specific circumstances of the case, such as "the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others" and whether the suspect was actively resisting . . . ." *Id.* at 396.

The initial crime, trespassing, was not serious. The circumstances surrounding that crime, however, need to be taken into consideration. It was past midnight, at a closed business, in an area that had been subject to break-ins and vandalism, and the Plaintiff had hidden his vehicle. This enhanced the severity of the crime.

Plaintiff kept his left hand in his pocket at all times, was evasive in his responses to the officers, and started to become argumentative. Plaintiff kept coming closer to the officers and, when asked to maintain a safe distance, refused to do so. This encroachment into the officer's safe space, with a hand in a pocket, created a reasonable suspicion that Plaintiff might have a weapon.

Once Plaintiff was advised that he was going to be subject to a pat down, he became physically resistant to the pat down and refused to take his hand out of his pocket. At some point, all three men fell to the ground where the struggle to take Plaintiff's hand from his pocket continued. At some point, Officer Reitheimer thought he felt an object he believed could be a gun in Plaintiff's pocket. Even the use of O.C. spray did not cause Plaintiff to obey the officers. Ultimately, the hand was removed.

Plaintiff received abrasions on his face and claimed a non-specific back injury and a chipped bone in the elbow. (Defts.' Stmt. of Undisp. Facts, Ex. C, Pltf.'s Dep. at pp. 123-133.) Plaintiff's injuries were the direct result of his own actions in being resistant to what would have been a non-injurious pat down. Plaintiff's resistance was such that it took several other officers who arrived at the scene to remove Plaintiff's hand from his pocket. The court finds, in the absence of

any dispute to the facts, that the force used was reasonable under the circumstances and was not excessive.

### D. Claims Against Susquehanna Township

Municipalities cannot be responsible for the alleged deprivation of rights protected by the Constitution unless an official policy is responsible for the deprivation and the policymakers acted with deliberate indifference. *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 690-95 (1978). In order to attribute liability to the township in this case, Plaintiff must first show that there is a violation of an underlying constitutional right. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As noted above, Plaintiff has failed to meet this essential element and, therefore, there is no liability as to Susquehanna Township.

## IV. Conclusion

For the reasons stated above, Defendants' motion for summary judgment will be granted as to all defendants. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: October 17, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORI McJUNKINS, a/k/a CORI CAPRI,** : | **CIVIL NO. 1:CV-07-0428** |
| **Plaintiff** : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **SUSQUEHANNA TOWNSHIP, ERIC NELSON, individually and in his official capacity as police officer for Susquehanna Township, and RYAN REITHEIMER, individually and in his official capacity as police officer for Susquehanna Township,** : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' unopposed motion for summary judgment is **GRANTED** and the Clerk of Court shall enter judgment in favor of Defendants Nelson, Reitheimer and Susquehanna Township and against Plaintiff Cori McJunkins, a/k/a Cori Capri.

2) The Clerk of Court shall close the file.

                                                     s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: October 17, 2008.